In the Matter of the Application of ELIZABETH SCHMIDT, Appellant, for an Order of Peremptory Mandamus Directing the Chamberlain of the City of New York, Respondent, to Pay to Said ELIZABETH SCHMIDT the Amount of Certain Moneys on Deposit with Him to Her Credit by Order of the County Court of Kings County, Dated July 30, 1924.* — Order denying motion for a peremptory mandamus order unanimously affirmed, without costs, as a matter of law and not in the exercise of discretion. Section 44-c of the State Finance Law is not in conflict with section 136 of the Civil Practice Act. It merely provides what the depository may do with court funds when the court directing the deposit fails to exercise its permissive power to direct that the funds be held in specie or invested in a particular form. The State Finance Law section merely supplements section 136 of the Civil Practice Act in a field where the court has refrained from exercising its power in respect to the form of investment of funds directed to be deposited. Where the court fails to direct that the funds be held in specie or deposited in a particular place or invested in a particular form, it is to be presumed that the court intends that the chamberlain will exercise his business discretion in respect to the manner of holding the funds in conformity with the statutory provision contained in the State Finance Law. This interpretation of these statutes excludes any element of conflict between them and precludes a

holding that section 44-c is an invasion of the jurisdiction of the Supreme Court; that jurisdiction is left unimpaired and free for exercise when the court sees fit so to do. It was within legislative competence to give jurisdiction to act to another tribunal with respect to matters that are incidental to the general jurisdiction of the Supreme Court, since so doing leaves undisturbed and unimpaired the Supreme Court's jurisdiction when and if it sees fit to act, the State Finance Law section providing for action only when the Supreme Court deliberately refrains from exercising its power. (*People ex rel. Ryan* v. *Green*, 58 N. Y. 295; *Matter of Stilwell*, 139 id. 337; *Chesterman* v. *Eyland*, 81 id. 398.) Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.