BELLE FLYNN SZILAGYI (for MARYBELLE and WILLIAM, JR.), Petitioner, v. MARIE SZILAGYI (Paternal Grandmother), Respondent.

Domestic Relations Court of New York, Family Court, Bronx County, November 20, 1939.

*Stanley Faulkner*, for the petitioner.

*Alfred H. Schaffer*, for the respondent.

PANKEN, J. The question to be determined on this application is the amount, if any, of accumulated arrears due under an order of this court.

By stipulation it is conceded that the arrears that have accumulated between October 1, 1938, and April 4, 1939, under said order

and applicable to the grandson, William, Jr., who reached the age of seventeen years on the latter date, amount to $210.

On this application respondent resists the allowance of any sum at all and bases such resistance on the fact that between April 4, 1938, and October 1, 1938, respondent had contributed and paid over toward the support of her grandson a sum greater than the conceded amount that had accrued subsequent to October 1, 1938.

The Appellate Division in its opinion affirming a determination of this court, in so far as it is applicable in the instant proceeding, stated: " The amount of arrears owed by Marie Szilagyi was not fixed except in the sum of $90. At the conclusion of the hearing, it was left to counsel to endeavor to agree upon the balance due, which by the order appealed from was to be paid by said appellant. In this connection, we call to the attention of the court and counsel that in computing such balance there should be taken into consideration the fact that the grandson reached the age of sixteen on April 4, 1938, which age under the law as it then existed marked the limit of liability for his support. The statute extending this liability to the age of seventeen was not effective until October 1, 1938. During this period the grandmother should not be held liable for arrears in so far as they pertained to the grandson." (257 App. Div. 630.)

On this application the arrears to be fixed are for the period between October 1, 1938, and the seventeenth birthday of the grandson. The liability of the grandmother for any arrears is fixed by the opinion of the Appellate Division.

Where a payment is made under mistake of law the sum paid is not recoverable. Such payment is different from one induced by fraud, coercion or as the result of a mistake of fact, in which latter instance the sum so paid is recoverable. Ignorance of the law, it has been said, is no excuse, and it was so held in *Matter of Hebron* v. *City of New York* (78 Misc. 653), the court stating as follows: " The policy of all countries that requires public laws to be known, and does not receive the excuse of ignorance of their provisions, obviously applies both to their enactment and their repeal. * * * The basis for this public policy is the duty laid on all citizens to know the law."

And further on in its opinion the court says: " While the courts in other jurisdictions have at times gone far in relieving against a mistake of law, such cases have been recognized as exceptions, since on grounds of public policy the rule must remain." It has been succinctly stated that " ignorance of the deed may excuse but ignorance of the law excuseth not."

Payments made by the respondent for the support of her grand-

son between April 4, 1938, and October 1, 1938, were made presumably in compliance with an existing order of this court. But respondent's liability to provide for her grandson terminated on his reaching his sixteenth birthday, namely, April 4, 1938. Payments made, therefore, subsequent to April 4, 1938, were made under a mistake of law.

Subdivision 4 of section 92 of the Domestic Relations Court Act authorizes the court " To make all orders for support run until the further order of the court, except that orders for support of child shall run until the child is sixteen years of age; or, where there are physical or mental disabilities." The above section, however, was amended, effective October 1, 1938 (Laws of 1937, chap. 726), to provide that support order for child shall run until the child is seventeen years of age.

The clear intent and mandate of subdivision 4 of section 92 at the time the order in the original proceeding was made was that liability for the support of the grandson ended on his attaining his sixteenth birthday, namely, April 4, 1938, which was prior to the effective date of the amendment above described. Therefore, payments made by the respondent subsequent to April 4, 1938, and prior to October 1, 1938, the effective date of the amendment, were made because of a mistake of concept of what the law required her to do. It cannot be said, in view of the state of the law at the time these payments were made, that such payments were made pursuant to order of this court.

The respondent seeks to set off the payments made by her between April 4, 1938, and October 1, 1938, against payments admittedly having accrued thereafter and admittedly due. If such setoff is not allowable in law in an action in assumpsit, this court has no power to allow it in a proceeding such as this, though it seems to me that the equities are with the respondent.