SAMUEL GOLDMAN, Plaintiff, v. LILLIAN GOLDMAN, Defendant.

Supreme Court, Special Term, New York County, December 16, 1941.

*Max H. Davidson*, for the plaintiff.

*L. Chester Glaser*, for the defendant.

PECORA, J. The decree of divorce obtained against the wife awarded her custody of two minor children and directed plaintiff to pay fifteen dollars per week for their support during the minority of the children " or until such time as they may become self-supporting prior to attaining their majority." Upon this motion to punish plaintiff for contempt he asserts that the reduced payments

made to the wife were based upon his son's having obtained a position and thereby becoming self-supporting. Although the court does not construe the decree as self-executing, thereby leaving it to plaintiff to determine whether his children have become self-supporting, it cannot be said that plaintiff's conduct was contumacious or that the facts did not justify a reduction in payments. But plaintiff should have moved to modify the decree in order to avoid its terms of payment. The motion to punish for contempt will be denied, without prejudice to any other action or proceeding by defendant to recover alleged arrears.