CHRISTINA VAUGHAN, Petitioner, *v.* WILLIAM VAUGHAN, Respondent.

Domestic Relations Court of New York, Family Court, New York County, April 30, 1942.

William C. Chanler, *Corporation Counsel* [*Alice E. Trubin* and *Murray Rudman* of counsel], for the petitioner.

Arthur Leonard Ross [*Otto B. Schmidt* of counsel], for the respondent.

PANKEN, J. This is an application to vacate the order made in this court on a petition filed and to dismiss the petition.

The application presents a question of law. The facts are uncontroverted.

Petitioner and respondent in this proceeding were married a long time ago. The issue of that marriage is one daughter, who is now about forty years of age.

In July, 1909, by a decree of divorce in the Supreme Court of the State of New York, Queens County, the then existing marriage between the parties was severed and dissolved. The divorce decree was absolute. The respondent some thirty or more years ago married again. There are three children, the issue of the second marriage.

The Supreme Court in its decree of divorce made an award of alimony to the petitioner in this proceeding, the plaintiff in the Supreme Court action. That award is incorporated in the decree of divorce.

The order of the Supreme Court awarding the petitioner alimony was in part from time to time complied with by the respondent.

Some seven or eight years ago the respondent herein, the defendant in the Supreme Court action, defaulted in his payments under the award against him. He failed to make the payments as the Supreme Court decree required. Thereupon the petitioner made application to this court for an order against respondent to require him to contribute to her maintenance and support. Such order was made.

This court has repeatedly held that its jurisdiction is limited by the provisions of the act establishing it as a judicial instrumentality. Under the Domestic Relations Court Act (Laws of 1933, chap. 482), jurisdiction has been conferred upon this court to hear and determine proceedings in which a wife seeks support and maintenance from her husband. The court may in a proper proceeding make an order for the support of a wife. The court may not make an order providing for the support of an ex-wife. In the latter instance no such power has been conferred upon this judicial agency.

Courts of limited jurisdiction may not enlarge on the powers explicitly granted them. They may not go beyond the jurisdiction conferred. The court has the power, indeed, the duty, to inquire into the intent of legislators enacting a law, and construe the provisions thereof in the light of and the apparent intent of the Legislature which created it, and defined and limited its powers. Law has developed among men to serve them. Hence the law must be interpreted in the light of a common sense viewpoint; and the law is to be applied, if it is to serve its high purpose, in a common sense way. The courts assume, and they must do so,

that laws are enacted by legislative bodies for the purpose of protecting the individual as against other individuals, against the community, and the community against individuals. Assuming that to be the fact, as it must be assumed, the law must be regarded by those charged with its application, interpretation, construction and enforcement as reflecting the common sense viewpoint of the Legislature in the light of existing conditions, so that it may serve the collective need.

In instances where statutes are clear, definite and explicit, unless the statutes violate State or Federal constitutional provisions, it is the duty of the courts to apply the law as enacted.

The Domestic Relations Court of the City of New York has been given specific powers. Its jurisdiction is limited. The act creating it is the fountain-head of its powers and jurisdiction. It differs from constitutional courts having general powers.

Section 137 of the act, as amended in 1942, clarifies the intent of the Legislature and definitely limits the powers of this court in so far as ex-wives are concerned. Subdivision 1 of section 137, as amended by chapter 762 of the Laws of 1942, reads: " If the marriage relationship shall have been terminated by final decree of the Supreme Court of the State of New York or by judgment of any other court of competent jurisdiction, when valid in the State of New York, a petition may be filed or an order for support made or enforced in the Family Court only for the benefit of a child of such marriage." The act itself now provides in definite terms that an order for support may only be made for issue if the marriage relationship has been severed by a decree granted in a court having jurisdiction.

This court had no power to make the order herein complained of.

Another question to be decided is whether the order as made and in force since 1934 was void *ab initio* or voidable. If void, it cannot be enforced. That which is void has no validity and orders to be enforcible must be valid. The courts issuing such orders must have the power to do so if they are to be enforced. An order void *ab initio* is without any effect.

This court, as other courts, to make an order affecting parties before it, must have jurisdiction, not only of the persons, but of the subject-matter, with regard to which the order is to be granted. It is my view that this court had no jurisdiction of the subject-matter. Though an order was made, that order is based on an erroneous conception of the law. The fact that an order was erroneously entered does not change the situation. The existence of the order erroneously entered does not vest this court with the power to do that which in the first instance in law it had no power to do.

While the order complained of herein was entered on a petition and the proceeding instituted dates back to 1934 and though the respondent has generally complied therewith, that fact does not cure the original defect; nor give jurisdiction of the subject-matter to the court. That, despite the fact that the respondent did not contest the jurisdiction of the court and accepted its order and complied therewith for a long period of time.

It has been said in *Christensen* v. *Morse Dry Dock & Repair Co.* (216 App. Div. 274): "A well-settled principle of law is that jurisdiction of the person, but *not jurisdiction of the subject-matter*, may be conferred by consent." A party may institute an action in a court of law and a voluntary appearance by the party complained of may and does confer jurisdiction over the persons. That rule does not, however, apply to jurisdiction of the subject-matter.

Judge CULLEN, in *Benson* v. *Eastern Building & Loan Assn.* (174 N. Y. 83), said: " Jurisdiction is prescribed by the Constitution of the State and the statutes passed under it. It can neither be added to nor subtracted from by the agreement of the parties. It is true that ' Parties, by their stipulations, may in many ways make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce ' * * * but the jurisdiction of the court is beyond the agreement of the parties."

It is evident from a reading of the cases that jurisdiction of subject-matter may not be conferred by agreement of parties; in an action *in rem*, the court must have jurisdiction over the *rem* before it can dispose of it. The subject-matter in a proceeding in which an order is made by the court for the support and maintenance of another person must be within its jurisdiction in addition to having jurisdiction over the persons.

In the case of *Patrone* v. *Howlett* (237 N. Y. 394) the court said: " Jurisdiction herein relates to the subject-matter of the action and cannot be conferred by consent."

The respondent's acceptance of the order of the court, in submitting himself to the jurisdiction of the court, does not cure the defect in so far as lack of jurisdiction of the subject-matter is concerned.

It is argued that the remedy that was open to the respondent at the time the order was made was by way of an appeal from the court's determination. The jurisdiction of the court of the subject-matter was not put in question by the respondent. That probably was because either he was ignorant of the law, he did not know that the court had no power to make an order requiring him to provide for his ex-wife, or it was to his interest not to appeal from

the determination. The award in the favor of the petitioner as made by the Supreme Court in the action in which she was plaintiff was for a sum greater than that provided for in the order of this court. Probably the respondent took advantage of the more favorable, for him, order; that fact does not cure the defect in jurisdiction.

The well-settled principle of law is that jurisdiction of subject-matter may not be conferred upon a tribunal by consent. Nor can jurisdiction be construed to have been acquired by a court because of the consent of one of the parties to a submission of litigation to the court, when in fact and in law the court is without power to act.

Since the jurisdiction of subject-matter cannot be conferred by consent, it can less so be acquired by inference. The Legislature has the power to either specifically give jurisdiction or withhold jurisdiction of subject-matter. In some cases the State Legislature may not confer jurisdiction of subject-matter. For instance, in maritime matters, those are reserved to the Federal courts.

The court, not having jurisdiction of the subject-matter, cannot acquire jurisdiction of the persons. To bind persons, the court must first obtain jurisdiction of the matter submitted to it.

An order made against one or the other of parties by a court that has no power to do so is a nullity. It is unenforcible.

I am referred to several opinions which have been written by me. Those opinions sustain the position that the court now takes in this proceeding.

The position that the corporation counsel takes is not tenable, though it is contended for and argued indeed very well and with great force of logic. Logic does not cure an erroneous premise.

I am referred to the case of *Naumer* v. *Gray* (28 App. Div. 529), decided in the last century. The decision in that case is not applicable herein. On the contrary, it sustains the viewpoint here expressed. The court in that case (p. 534) said: " The plaintiff must show affirmatively that the suit was for the protection and support of the wife." If it was for the protection of an ex-wife, action would not be sustainable. In *Naumer* v. *Gray* (*supra*) legal fees were sought to be collected from the husband on the ground that services had been rendered to his wife. To sustain the complaint it was necessary to prove that the services were rendered to the wife. The liability of the defendant in that case would only arise if the person for whom services were rendered was proven to have been the wife of the defendant at the time such services were rendered.

Despite the existence of an order made in this court and which order was in effect for eight years and complied with by the respondent in part during that time, this court is constrained to vacate the order on the ground that it is a nullity. The order having been vacated, the court having no jurisdiction of the subject-matter, the petition is dismissed.

The petitioner has her remedy. She may resort to the award for alimony made in her behalf in 1909 by the Supreme Court of the State of New York. That order is still, I am informed, in effect.