778

■ JAMES O'DEA, Respondent, v. MISSION OF THE IMMACULATE VIRGIN et al., Appellants.—

No opinion. Defendants' time to answer the amended complaint is extended until 10 days after entry of the order hereon. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ THERESA M. PETERS, Respondent, v. GEORGE J. PETERS, Appellant.—

The amount of plaintiff's current income and assets, and the relative income of the respective parties, should be considered in determining the amount of the monthly alimony payments which should now be made by defendant to plaintiff (*Phillips* v. *Phillips*, 1 A D 2d 393, affd. 2 N Y 2d 742; *Sacknoff* v. *Sacknoff*, 6 A D 2d 879, affd. 7 N Y 2d 771). Defendant may not be compelled to support the daughter, who is married and emancipated; nor may defendant be required to support the son, if he is self-supporting (*Sloan* v. *Sloan*, 286 App. Div. 1102; *Graffeo* v. *Graffeo*, 7 A D 2d 741). However, the fact that defendant is no longer liable for the support of the daughter and the fact that defendant may not be liable now for the support of the son, does not mean that defendant is automatically entitled to a reduction in the total amount of the alimony directed to be paid by the judgment (*Sloan* v. *Sloan, supra*; *Graffeo* v. *Graffeo, supra*). Testimony should be taken as to the present financial condition of the parties and their son to determine whether, on the basis of the present needs of plaintiff and the son and the present financial condition of the defendant, the alimony provisions of the 1950 judgment should now be modified. Defendant is not prevented from applying for a reduction, even if it be assumed that he is in arrears in his alimony payments (*Bittson* v. *Bittson*, 7 A D 2d 867). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.