Emmett J. Schnepp, J.
The Supreme Court at a term held in and for the County of Monroe on September 9, 1959 granted a decree of separation in favor of petitioner, and incidentally to such action awarded her custody of the two infant issue of the marriage and a fixed sum for the support of all such dependents. By petition dated September 5, 1963, petitioner applied to this court for an order to modify the order of support included in such decree. The separation decree has not been revoked and is silent as to its enforcement or modification.
The respondent has moved to dismiss the proceeding, asserting that Family Court lacks jurisdiction to modify or enforce the support provisions of such Supreme Court decree of separation rendered prior to the effective date of the Family Court Act.
The new Judiciary article of the Constitution of the State of New York, approved by the People of the State of New York on November 7, 1961, effective September 1, 1962, established *869 the Family Court of the State of New York with original jurisdiction over certain classes of actions and proceedings, including the support of dependents, “except for support incidental to actions and proceedings in this state for marital separation, divorce, annulment of marriage or dissolution of marriage (N. Y. Const, art VI, § 13, subd. b, par [4].)
The Family Court is further empowered to determine, “ with the same powers possessed by the supreme court * * # when referred to the family court from the supreme court: * * * applications to fix temporary or permanent support and custody, or applications to enforce judgments and orders of support and custody, or applications to modify judgments and orders of support and custody which may be granted ’ ’ under certain conditions. (N. Y. Const., art. VI, § 13, subd. c.) The Legislature was authorized to enact appropriate laws to carry into effect the purposes and provisions of such article of the Constitution, and to implement, supplement or clarify any of its provisions and enact any laws not inconsistent with such constitutional provisions. (N. Y. Const., art. VI, § 33.)
Pursuant to such authority the Legislature established the Family Court of the State of New York to implement article VI of the Constitution. (L. 1962, ch. 686.) This act provides that if the order of the Supreme Court in the matrimonial actions requires support of a child, the Family Court may entertain an application to enforce the order requiring support, or entertain an application to modify such order on the ground that changed circumstances require such modification, unless the Supreme Court retains exclusive jurisdiction to enforce or modify the order under the decree. (Family Ct. Act, § 461, subd. [b], pars, [i], [ii].) The Supreme Court may provide in an order or decree granting temporary or permanent support in a matrimonial action that only the Family Court may entertain an application to enforce or modify or that the order or decree may be enforced or modified only in the Supreme Court, and, if the Supreme Court does not exercise such authority, then also the Family Court may entertain such application. (Family Ct. Act, § 466.)
The power of the Legislature is essentially absolute, except as limited by the State and Federal Constitutions, and it may not disregard, evade or weaken the force of a constitutional mandate, and, in performing its lawmaking function, it may not enlarge iipon or abridge the Constitution. (People v. Allen, 301 N. Y. 287, 290.)
The Legislature was not granted specific power to give to Family Court jurisdiction in proceedings relating to the support *870 of dependents incidental to such actions, unless the matter is referred to the Family Court from the Supreme Court. As is pointed out above, the implementing statute gives jurisdiction to Family Court in those cases where the Supreme Court decree is silent. It has been held that it is within legislative competence to give jurisdiction to act to another tribunal with respect to matters that are incidental to the general jurisdiction of the Supreme Court, since so doing leaves undisturbed and unimpaired the Supreme Court’s jurisdiction when, and if, it sees fit to act, and providing for action only in the other tribunal when the Supreme Court deliberately refrains from exercising its power. (Schmidt v. Chamberlain of City of New York, 242 App. Div. 692, revd. on other grounds 266 N. Y. 225.)
At the time of this decree the Supreme Court did not by remaining silent deliberately refrain from exercising its present power to direct the enforcement or modification of its order or decree in the Family Court, for the obvious reason that the constitutional provision, the supreme law of the State, and the implementing statute did not exist. If the Legislature intended to clothe Family Court with jurisdiction in proceedings related to the support of dependents in cases incidental to matrimonial actions without a reference from Supreme Court, its act would disregard the explicit provisions of the Constitution, and abridge the jurisdiction of the Supreme Court. (Busch Jewelry Co. v. United Retail Employees’ Union, 281 N. Y. 150, 156.)
It is the duty of the courts to adopt a construction of a statute that will bring it into harmony with the Constitution, if the statutory language will permit. The courts must give the force of law to an act of the Legislature, whenever it can be fairly so construed and applied as to avoid conflict with the Constitution. (8 N. Y. Jur., Constitutional Law, p, 591.)
In line with this duty, it must be held that the Legislature did not intend that a Supreme Court decree, silent in this respect, and made before this power of referral was a part of the body of our law, would have the effect of constituting a referral by Supreme Court to Family Court of jurisdiction in such matters.
Accordingly the motion in behalf of respondent is granted and the within proceeding is hereby transferred to the Supreme Court, it being a proceeding which has not been transferred to Family Court from Supreme Court, and over which Family Court has no present jurisdiction in the absence of a referral from Supreme Court. (N. Y. Const., art. VI, § 19, subd. e.)