Edward Robinson, Jr., J.
This is a special proceeding instituted under article 78 of the CPLR in which the petitioner seeks an order restraining the Family Court of the State of New York from acting in the matter of Bernice Fabricant as petitioner and David Gootkind as respondent. David Gootkind the respondent, is the petitioner herein.
This application is made on the theory that by virtue of two orders made in the Supreme Court, Nassau County, that the Family Court has no jurisdiction to hear and determine the proceedings brought by Bernice Fabricant the petitioner in those proceedings. David G-ootkind and Bernice Fabricant were formerly husband and wife. Bernice Fabricant has filed with the Family Court in the County of Nassau, two petitions. In one petition she sets forth that in an action instituted in the First Civil Court, District of Bravos, State of Chihuahua, Republic of Mexico, a decree was duly entered on December 21, 1956, by which David Gootkind was directed to provide for her support and the support of the three children of the marriage. She further alleges that on December 10, 1958, by order of one of the Justices of this court, David Go:otkind was ordered to pay the sum of $60 a week for the support of the three children. She alleges that no exclusive juris *483 diction was retained either by the Mexican court or the Supreme Court of Nassau County by the decrees referred to. She then alleges that since the entry of the Mexican decree, and since the entry of the order of the Supreme Court of Nassau County, there has been a change in circumstances which would warrant an increase in the amount of money to be paid for the support of the children and she seeks an order modifying both the Mexican decree and the Supreme Court order of December 10, 1958 to that effect. In another petition filed under the same index number in the Family Court of Nassau County, Bernice Fabricant as petitioner again alleges the entry of the decree in Mexico and the decree in Nassau County and that neither of those courts has retained exclusive jurisdiction. She alleges that David Gootkind the respondent in those proceedings, has failed to comply with the order of the Mexican court and the order of the Supreme Court of Nassau County, and that he has failed to pay the $20 a week for the support of the child Madeline, and has failed to pay temple dues for the children. In this petition .she prays that the said respondent be dealt with in accordance with article 4 of the Family Court Act. The 'substance of both petitions seeks to obtain an order of the Family Court directing payment by the father of the children for the support of the children. The father, as petitioner before this court, proceeds on the theory that by the order dated December 10, 1958 in the Supreme Court, Nassau County, and a subsequent order of this court dated June 11, 1963, in which certain provisions of the order of December 10, 1958 were modified in connection with custody and visitation of the children and provisions made in connection with the payment of- the $60 per week provided in the order of December 10, 1958, the Supreme Court had retained exclusive jurisdiction of the matter thus depriving the Family Court of jurisdiction. This argument is based upon section 461 of the Family Court Act. By that section it is provided that a separation agreement, and decree of separation, and a final decree or judgment terminating a marriage relationship does not eliminate or diminish either parent’s duty to support a child of the marriage under sections 413 and 414 of article 4 of the Family Court Act. It states that in the absence of an order of the Supreme Court or of another court of competent jurisdiction requiring support of the child, the Family Court may entertain a petition and make an order for its support. It further provides that if an order of the Supreme Court or of another court of competent jurisdiction requires support of the child, the Family Court may (1) entertain an *484 application to enforce the order requiring support; or (2) entertain an application to modify such order on the ground that changed circumstances require such modification, “unless the order of the supreme court provides that the supreme court retains exclusive jurisdiction to enforce or modify the order.”
The order of the Supreme Court of Nassau County of December 10, 1958 provided among other things 11 that this Court shall retain jurisdiction of the parties hereto for the purpose of enforcing, modifying or altering this order.” (Emphasis supplied.) The order of June 11,1963 contained a similar clause ‘ ‘ that this Court shall retain jurisdiction of the parties hereto for the purpose of enforcing, modifying or altering this order.” (Emphasis supplied.) Neither one of the orders provided in words or substance that the Supreme Court retained exclusive jurisdiction to enforce or modify the order. Each of the orders simply stated that jurisdiction of the parties was retained. However, an examination of the law discloses that the Supreme Court of Nassau County had no power to grant that part of the order which directed the future support of the minor children. The proceeding pending before the court on which that order was based was a petition for a writ of habeas corpus in connection with the custody of the children. There was no marital action pending in the Supreme Court of New York State. Under such a situation the only provisions for compelling the future support of minor children were sections 30 and 30-a of the Children’s Court Act (Matter of Sack v. Elmaleh, 9 A D 2d 771 [2d Dept., Nov., 1959]; People ex rel. Rugus v. Rugus, 19 A D 2d 622 [2d Dept., June 3, 1963]).
It is apparent from the wording of the preamble to the order of December 10, 1958, that the parties to the proceeding attempted to stipulate that the Supreme Court had complete jurisdiction in the matter and that the Judge who signed the order was misled by such stipulation. The parties could not stipulate to grant to a court powers which had not been given to it by the Legislature. Under the circumstances so much of the order of December 10, 1958 as directed support for the children was a nullity; likewise, so much of the order of June 11, 1963 as attempted to modify any provisions for support in the order of December 10, 1958, would be a nullity. The power to provide for future payments for the support of infants in a habeas corpus proceeding was not given to the Supreme Court until September 1, 1963 and the court certainly had no power to modify those portions of a decree of the court which were unauthorized in the first instance. The only court which had power to order future payments for the support of *485 infants at the time of the entry of both of these orders was the Children’s Court of Nassau County, or its successor, the Family Court of Nassau County, if it were then in existence.
This court has read the opinion of the Honorable Alexander Berman, Judge of the Family Court of Nassau County, denying the motions of the petitioner in this proceeding to dismiss the petitions on the same grounds as are set forth in the petition in this proceeding and is in accord with the statements contained in that decision. This fact is recited in this opinion only for the purpose of pointing out that this court has not attempted to act as an appeals court for the Family Court. Proceedings such as brought by the petitioner in this proceeding should not be ordinarily used as it is an attempt to get the Supreme Court to pass upon the decision of another court other than by appeal. However, rather than decide this proceeding upon a technicality, the court has gone into the merits of the matter and now holds and finds that no valid order for the support of these children was ever made or modified in the Supreme Court of the State of New York, Nassau County and that there was no retaining of exclusive jurisdiction in connection with that matter in the Supreme Court. Judgment is directed dismissing the petition. In view of the circumstances no costs will be allowed.