Hugh R. Elwyh, J.
In August, 1961 the petitioner husband and respondent the wife obtained an Alabama divorce decree which confirmed a separation agreement between the parties, dated June 29, 1961, but provided that the agreement was not merged in the decree but shall in all respects survive the decree. The separation agreement provided for support payments for a child in the amount of $10 per week, gave custody of the child to the wife and afforded certain specified visitation privileges to the husband.
The husband, claiming that the wife has wrongfully failed and refused to permit him to visit his daughter in accordance with the rights and privileges accorded to him by their separation agreement brings this proceeding to enforce the Alabama decree which incorporated and confirmed the separation agreement from which his visitation rights stem. The petition indicates that the proceeding is brought pursuant to section 461 (subd. [b], par. [i]) of the Family Court Act which provides that “ If an order of the supreme court or of another court of competent jurisdiction requires support of the child, the family court may (i) entertain an application to enforce the order requiring support ”.
*953 Although the respondent has raised no question as to the jurisdiction of the court to entertain the application, jurisdiction of the subject matter may not be obtained by the consent or stipulation of the parties if the court in fact lacks jurisdiction (Benson v. Eastern Bldg. & Loan Assn., 174 N. Y. 83, 86; Vaughan v. Vaughan, 178 Misc. 577; 1 Carmody-Wait, New York Practice, p. 55; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 301.02).
Section 461 (subd. [b], par. [i]) of the Family Court Act does not confer authority upon this court to entertain this application. Even if the words “ of another court of competent jurisdiction ” are construed to include a court of competent jurisdiction of a foreign State as the petitioner urges, this is still not an application by or on behalf of the person for whom the support order was made to enforce the order, but rather an application on the part of the person against whom the support order runs to enforce a reciprocal right, that of visitation. Although the right to support payments and the right of visitation arising from the separation agreement may be dependent (Duryea v. Bliven, 122 N. Y. 567; Muth v. Wuest, 76- App. Div. 332; Borax v. Borax, 4 N Y 2d 113,116; Richards v. Richards, 5 Misc 2d 46; Webster v. Webster, 14 Misc 2d 64; Magrill v. Magrill, 16 Misc 2d 896) the petitioner’s visitation rights and their enforcement are essentially a custodial matter.
The Family Court has no general original jurisdiction over custody of minor children, but exercises jurisdiction over the custody of minors only as an incident to a support proceeding (Family Ct. Act, §§ 446, 447) or a family offense proceeding (Family Ct. Act, § 842) or when the matter has been referred to it by the Supreme Court (N. Y. Const., art. VI, § 13, subd. c; Family Ct. Act, §§ 467, 651, 652). Section 468 of the Family Court Act furnishes no basis for the court’s jurisdiction for that section grants authority to the Family Court to entertain an application to modify an out-of-State judgment fixing custody on a showing of changed circumstances. The petitioner here is not seeking to modify the custodial arrangements of the Alabama decree, but rather to enforce its provisions. Moreover, there is no claim of any change of circumstances which would warrant a modification of the custody arrangements.
The Supreme Court would have jurisdiction of this application (Sager v Sager, 21 A D 2d 183). When transferred from the Supreme Court this court would likewise have jurisdiction of this proceeding (N. Y. Const., art. VI, § 13, subd. c; Family Ct. Act, § 652; Sager v. Sager, supra, p. 186). However, until such time as the proceeding has been transferred to it by the *954 Supreme Court, the Family Court has no jurisdiction to entertain an application to enforce the custodial provisions of an out-of-State judgment.
It is not necessary, however, for the proceeding to be dismissed. While the Supreme Court may, upon motion, transfer the proceeding to itself (CPLR 325) this court can on its own initiative transfer the proceeding to the Supreme Court (N. Y. Const,, art. VI, § 19, subd. e). Consequently, the proceeding is hereby transferred to the Supreme Court, it being a proceeding which has not been transferred to the Family Court from the Supreme Court, and over which the Family Court has no jurisdiction in the absence of a referral from the Supreme Court (N. Y. Const., art. VI, § 19, subd. e; Matter of Giancursio v. Giancursio, 42 Misc 2d 868).