Bernard Newman, J.
Upon oral argument (and memorandum of law) following referral to the undersigned, counsel for the respondent has narrowed his objections herein to but one contention, viz.; the within petition, he urges, should be dismissed inasmuch as section 461 of the Family Court Act, effective September 1, 1962, is inapplicable to a decree of the Supreme Court (of New York County) entered prior to such date.
Respondent relies heavily on Matter of Giancursio v. Giancursio (42 Misc 2d 868). Plainly, the Giancursio decision is a relevant holding in support of respondent’s argument; plainly, however, the overwhelming weight of authority is contrary to respondent’s argument and Giancursio.
Thus, Backar v. Backar (39 Misc 2d 1030); Matter of Gootkind v. Family Ct. (45 Misc 2d 482); and Matter of Guillermo v. Guillermo (43 Misc 2d 763) all support petitioner.
Moreover, by implication, Matter of Curry v. Curry (275 N. Y. 553) sustains jurisdiction in the Family Court under subdivision (c) of section 466 of the Family Court Act to modify judgments of the Supreme Court entered before the enactment of the Family Court Act. In Gurry, the court held that a subsequently enacted statute (Domestic Relations Court Act of City of New York, 1933) gave the Family Court Division of the then Domestic Relations Court power to amend a judgment of separation of the Supreme Court rendered before the enactment of the statute. While the provision there is different from the one involved in section 466, the principle involved is the same.
In Desroches v. Desroches (23 A D 2d 903), the Appellate Division, again only by implication, indicates that the Family Court would have jurisdiction to enforce a 1961 New York divorce decree under section 466 (subd. [c]).
Accordingly, respondent’s application is denied; and respondent is bound to observe the requirements detailed by this court in its order of April 8,1966.