Bertram Harnett, J.
This is an application to modify a separation agreement made in June, 1959. The agreement provided that the husband, the defendant here, was to pay $35 weekly to the wife for support of both her and their two children. The agreement further provided that if the wife remarried, the same sum would continue as support for the children.
The parties were divorced in June, 1959, and the wife later remarried. After her remarriage, defendant husband continued to make payments' of $35 per week for the support of the two, children. Recently, however, (the parties have neglected to disclose the date) the husband discontinued payment of $17.50. of that amount when his daughter, now over 19 years of age,, obtained full-time employment. This unilateral action of the defendant was based on that provision of the separation agreement which provided that: “ in the event either of the children * * * become emancipated or permanently self-supporting, the obligation of the Husband for support shall be [$17.50] ’ ’.
The wife now petitions for an order increasing the support payments for her son, who is now 15 years of age, from $17.50, to $75 per week. By order dated August 24, 1970, the court denied the application with leave to renew upon necessary papers which were omitted from the original application. Those papers have now been submitted by the parties.
It has been held that where a matrimonial decree provides for support of minor children until they become emancipated, the decree is not self-executing so as to leave it to the unilateral determination of one party whether the child has become emancipated. Bather, an application should be made to the court to modify that decree. (Goldman v. Goldman, 177 Misc. 1033, revd. on other grounds 268 App. Div. 765. See, also, Stafford v. Stafford, 27 Misc 2d 9.) Among the reasons for this rule is that the emancipation of one child does not necessarily mean that the total amount of support should not remain the same for the other children in view of possible changes in the needs of the parties. (Peters v. Peters, 14 A D 2d 778.)
Here, however, the applicability of that rule is doubtful because the question arises under a separation agreement rather than a decree, and the agreement stipulates not only that the amount of support will be reduced, but also establishes the amount of the reduction. (Olmstead v. Olmstead, 24 A D 2d 605, affd. 18 N Y 2d 652.) In any event, no objection has yet been raised by the wife and the papers submitted on this motion *143 do indicate that in all probability the daughter is in fact self-supporting.
Regardless of the provisions of a separation agreement, however, that agreement cannot affect the parental obligation to support the children of the marriage. (Moat v. Moat, 27 A D 2d 895; Kulok v. Kulok, 20 A D 2d 568; Matter of Goldberg v. Goldberg, 57 Misc 2d 224.) Here, the separation agreement has .survived' the decree of divorce (Hettich v. Hettich, 304 N. Y. 8; Wimpfheimer v. Wimpfheimer, 262 App. Div. 304), and the wife may properly seek to modify the agreement for the benefit of the children. (See Harges v. Harges, 46 Misc 2d 994; Cohen v. Cohen, 28 Misc 2d 558, and cases cited therein.)
In 1959, when the male issue of this marriage was four years old, the parties agreed that a fair and reasonable amount of support for each child would be $17.50 per week. The court must note that 11 years have passed since that time, the needs of the child have changed materially and the financial circumstances of the husband have improved. Under these conditions, the court will increase the amount to be paid for support of the infant son of the parties to $30 per week. In doing this the court has taken into account the mother’s submissions of required expenses for the son under the present circumstances. The father will also be required to pay the reasonable medical and dental expenses of the' infant son, and may substitute appropriate insurance coverage should he so elect.
The petitioner is awarded counsel fees of $250 on this application.