FACTS
Edward J. McLaughlin, J.
On May 30, 1972, a petition for support under article 4 of the Family Court Act was filed in this court by petitioner, Gilda G., alleging that her former husband, the respondent, Joseph G., M. D., failed to support her and their four sons since on or about 1959. Named in this petition as dependents of the respondent were: the petitioner, Joseph, Jr., born April 7, 1946; Sandra, born December 20, 1949; Norma, born November 20, 1951; and David, born August 8, 1953.
(a) Prior history: The petitioner and respondent were married on July 26,1943 and were granted a divorce by Supreme Court, Oneida County, on January 15, 1959. The divorce decree provided, inter alia, that the respondent pay to the petitioner, a total of $87 per week. This sum was made up as follows: $12 for the support of petitioner; $7 for the maintenance and upkeep' of an automobile, which the respondent was to furnish the petitioner, and the remaining $68 was for the support of the parties’ four children. The decree also required the respondent to maintain the family home in which the petitioner and their children were living.
Thereafter, on February 6, 1959, the petitioner brought, in the Onondaga County Children’s Court, an action alleging a violation of subdivision 1 of section 482 of the Penal Law in that the respondent failed to provide shelter for his minor children. The action was ultimately dismissed in an unreported decision by acting Family Court Judge Clarence F. Giles on March 13,1964. Judge Giles, in his decision, held that the order of Family Court of September 23, 1963, which modified the Supreme Court divorce decree, was improperly made, since, on that date, there was pending in Supreme Court a motion by the respondent to modify the divorce decree. Accordingly, the court vacated the Family Court order and dismissed the petition.
The next significant action by the parties was on November 26, 1965 when the petitioner filed a petition under the Uniform Support of Dependents Law, the respondent having moved to Florida to obtain specialized training in cancer research and nuclear medicine. The allegation of that petition was that the respondent had failed to support his children. On February 11, *774 1966, .the Florida court ordered the respondent to pay $90 bi-weekly and to comply with the other provisions of the divorce decree, to wit, that the respondent maintain the family home.
The Florida order was vacated when the respondent moved to Texas in 1966, again to obtain more schooling in his specialized area of medicine. The petitioner filed a new uniform support petition in Texas. On January 9, 1967, the Harris County Court of Texas ordered the respondent to pay $180 per month child support. This order made no mention of the other provisions of the divorce decree.
Thereafter, the respondent again returned to Florida and the petitioner filed another uniform support petition on February 17, 1971, alleging that the respondent had failed to support his remaining two minor children. This proceeding never resulted in an order of support and it was finally dismissed in February of 1974.
(b) Pres'ent petition: The present petition was filed on May 30, 1972. The respondent appeared personally before the court pursuant to summons on November 20, 1972. He was, at that time, living in this county. He presently resides in Florida. After a number of adjournments, the matter came before this court for decision on the respondent’s motion to dismiss the petition on two grounds. First, that the court had no jurisdiction because the matter had not been specifically referred to it by the Supreme Court, as the divorce decree predated the September 1, 1962 creation of the Family Court. Second, that the petition sought support for the petitioner and all four children, three of whom had reached majority. This court, in an unreported decision dated July 26, 1973, denied the respondent’s motion with regard to a lack of jurisdiction pursuant to subdivision (c) of section 466 of the Family Court Act. (Matter of Anonymous v. Anonymous, 51 Misc 2d 603; see Desroches v. Desroches, 23 A D 2d 903.)
With regard to respondent’s second point, this court granted the motion to the extent that it dismissed that portion of the petition relating to support for the three children who had reached majority and the petitioner herself. The basis of this decision was that the respondent’s duty to support a child ends upon the child reaching the age of 21, absent a showing of special circumstances. No such circumstances appeared in this case. With regard to the petitioner, the court held that since the petition was not one to enforce the divorce decree but rather only for support, that this court had no jurisdiction to provide support for a former wife. (Family Ct. Act, § 412.)
*775 The matter then came before this court for trial on May 15, 1974 on the issue of support for David, the last remaining child under 21 years of age, and on the issue of arrears. Decision was reserved pending the filing of briefs by the respective parties. Briefs were ultimately submitted.
LAW
The issue of arrears and the issue of the support of David are entwined. By simple mathematical calculation, the remaining child’s share of the original order of child support from the divorce decree would be $17 per week. If this court supported that position it Avould then logically hold that the child support of $68 per week ordered by the Supreme Court decree in 1959 would have declined to $51 per week on April 7, 1967, to $34 dollars per week on December 12, 1970 and to $17 dollars per week on November 25, 1972. The dates were the twenty-first anniversaries of the births of the three oldest children. This is the interpretation of the law which the respondent urges upon the court. The court rejects such a simplistic approach to a problem as complex as that of child support.
In all cases where there is more than one child for which support has been ordered and subsequently the oldest child attains the age of 21, or one or more of the children become emancipated at an earlier age, several questions must be answered by the court to determine the effect of the occurrence. First, did the original order specify a particular share of the support for one or more of the children? If the original decree provided a certain portion of the ordered child support for the child which is emancipated, the support is automatically reduced by that child’s portion. The petitioner would then be obliged to bring an action to modify the support order if the remaining children needed greater support than the balance allowed. (Keve v. Sternberg, 64 Misc 2d 141.) This circumstance is not present in this case since the decree provided for $68 per week for all four children collectively and $12 per week for the petitioner.
Second, did the respondent petition for a modification of the order of support downward upon the emancipation of the child? The failure of this respondent to so petition in effect precludes the court from making a nunc pro tunc order reducing the support to the date of the emancipation. In Harris v. Harris (259 N. Y. 334) the Court of Appeals held that a court may not reduce the amount of alimony awarded by a divorce decree which has become due and oAving prior to the time of application *776 to the court for a reduction. For these past due sums have become vested rights of property which a court has no power to take away.
In Weitz v. Weitz (1 A D 2d 1025) the court modified a lower court order which had allowed a mmc pro tunc reduction. In that case the respondent had moved on June 17, 1955 to modify a final judgment of separation so as to provide for support of the wife only, on the ground that the child had become emancipated. The Second Department modified the lower court order to provide that the reduction became effective as of the date of the motion iby the respondent, thereby rejecting respondent’s request for a nunc pr\o tunc reduction. The child in that case reached majority on May 1, 1955. The court in making the effective date of the reduction that of the date of respondent’s motion also rejected respondent’s claim to an automatic pro rata reduction.
Third, once the issue of emancipation has been brought 'before the court, the question arises as to the amount of the reduction to which the respondent is entitled. In Peters v. Peters (14 A D 2d 778), the former husband sought an automatic reduction of his alimony and child support payments on the grounds that his daughter had married and was therefore emancipated for three years preceding his petition. The court held that while he could not be compelled to support his emancipated daughter, any reduction in his payments would be determined by the current needs, if any, of his minor son and his former wife against his own ability to pay. The court rejected the concept of pro rata reduction, reversing the lower court and remitting the case for the taking of further testimony.
Finally, the court addresses itself to the effect of the orders of support in Florida and in Texas made pursuant to .the petitions filed 'by the petitioner under the Uniform Support of Dependents Law (Domestic Belations Law, art. 3-A). Subdivision 1 of section 41 of the Domestic Belations Law provides: “ This article shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter.”
Since neither the Florida nor the Texas orders of support specifically provided that the decree of the Supreme Court was to be modified, the effort on the part of the petitioner to utilize the provisions of the Uniform Support of Dependents Law were alternative and additional to her rights to move in the New *777 York State Supreme Court or Family Court; those payments, if any, made by the respondent pursuant to the orders of the Florida and Texas courts are credited against amounts which accrued to the petitioner pursuant to the New York State divorce decree during the same period. Accordingly, since no modification of the divorce decree was sought by the parties, the issue of full faith and credit and the issue of the power of the courts of Florida and Texas to modify the decree are not here involved. (Halvey v. Halvey, 330 U. S. 610; see Yarboroughs. Yarborough, 290 U. S. 202.)
FINDINGS
Accordingly, the court finds that, the respondent having failed to show that he had ever been granted a reduction of child support, is liable to the petitioner in the amount of $68 per week from January 15,1959, the date of the divorce decree, until August 8,1974, the date upon which the youngest child attained majority. For any payments of child support made by the respondent to the petitioner during that period, whether in obedience to the divorce decree, a Family Court order, or the valid orders of any other court, the respondent shall be entitled to have credited against his total obligation.
The support due the petitioner is not in any way to be affected by this decision. The payments due her would continue until such time as the respondent would petition the appropriate court for modification of the decree.
The provisions of the divorce decree relating to payments for the operation of the automobile and the maintenance of the home are not now before this court and therefore the court makes no findings with regard to the amounts owed, if any, by the respondent to the petitioner.