■ ROBERT URBAN, Respondent, v MARGARET URBAN, Appellant. — In a divorce action, defendant wife appeals from an order of the Supreme Court, Suffolk County (Geiler, J.), dated March 16, 1982, which denied her motion to vacate a prior order of the same court, dated October 6, 1981, which, upon

default, granted plaintiff's application to modify downward a support order. Order reversed, on the law, with $50 costs and disbursements, defendant's motion granted, and order dated October 6, 1981 vacated. On March 26, 1974 the parties obtained a judgment of divorce which incorporated a support order of the Family Court, Suffolk County, dated January 8, 1973. That order had directed plaintiff to pay $300 each month for the support of his wife and their six then infant children. Such amount was to be deducted from plaintiff's New York City Retirement System pension and forwarded directly to defendant. By notice of motion dated September 1, 1981 and addressed to defendant at a rural delivery box number in Schenevus, New York, plaintiff moved to reduce the amount of support from $300 to $100 per month. This address was given by plaintiff to his attorney. In his supporting affidavit, plaintiff averred that as of the motion date, three of the children had already reached the age of 21. He further stated that his 19-year-old son Robert was emancipated, so that his obligation was only to support his two minor, unemancipated children. By order dated October 6, 1981, upon defendant's default, Special Term granted the motion to the extent of reducing plaintiff's support obligation from $300 to $150 per month, stating that several of the children of the marriage had obtained the age of majority. The court denied the application with respect to Robert Urban, Jr., without prejudice to renewal upon further proof of his emancipation. On March 2, 1982 defendant moved, by order to show cause, to vacate *nunc pro tunc* the order of October 6 and reinstate *nunc pro tunc* the judgment of divorce and Family Court order incorporated therein. By order dated March 16, 1982 Special Term denied the motion to vacate its prior order. Justice Geiler stated that "[s]aid decision was based on the fact that certain of the issue of the marriage have attained the age of majority, and, accordingly, the court will overlook the fact that the prior motion was instituted by notice of motion and not by order to show cause". Defendant's motion should have been granted. There can be no question that plaintiff's obligation to support his children ceased with respect to those children who attained the age of 21 (*Matter of Parker v Stage,* 43 NY2d 128, 133; *Bordenka v Bordenka,* 59 AD2d 520). There should not, however, be an "automatic" reduction of a support order without any consideration of the financial condition and needs of all the parties solely because several of the children reached the age of majority (see *Peters v.Peters,* 14 AD2d 778). Among the reasons for requiring an application for modification of support in the event that a child becomes emancipated is that the emancipation of one (or more) child(ren) does not necessarily mean that the total amount of support should not remain the same for the other children in view of possible changes in the needs of the parties (*Matter of Launder v Plastique,* 84 Misc 2d 551, 553-554). Here, the needs of the nonemancipated children must be considered. Furthermore, there should not be an automatic pro rata reduction of support payments where an award is, as here, a lump sum ($300 monthly for the support, maintenance and education of the petitioner and the six issue of the marriage) (see *Peters v Peters, supra*). We additionally note that the order of October 6, 1981 is jurisdictionally void as the application to reduce the support payments was brought on by notice of motion and not by an order to show cause (see *Failla v Failla,* 81 Misc 2d 959). The order was granted on default as defendant, who had not resided in Schenevus for many years, did not become aware of either the order or motion until she received the January, 1982 check from the pension system for $150. Had there been an application for an order to show cause, plaintiff would have been required to set forth facts demonstrating that an inquiry was made as to defendant's residence and the court would have prescribed an appropriate method of service reasonably calculated to give notice. Thus the default might

have been avoided (cf. *Silverman v Silverman,* 189 Misc 227). Gibbons, J. P., Weinstein, Thompson and Rubin, JJ., concur.