■ DIANNE G. SINGER, Respondent, v MICHAEL M. SINGER, Appellant. — In a matrimonial action, defendant husband appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Lockman, J.), entered April 25, 1983, as, after a hearing, denied his motion for a downward modification for the year 1983 of the alimony provision of the parties' judgment of divorce, granted plaintiff wife's cross motion for a judgment for arrears in support payments in the principal sum of $10,500, and awarded plaintiff $1,400 in counsel fees. The appeal brings up for review a subsequent order of the same court, dated September 21, 1983, which, in effect, denied defendant's motion for renewal and awarded plaintiff $350 in counsel fees.

Order dated September 21, 1983 reversed, without costs or disbursements, motion to renew granted, and, upon renewal, the second, third and fifth decretal paragraphs of the order and judgment entered April 25, 1983 vacated, and matter remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

Appeal from the order and judgment (one paper) entered April 25, 1983, insofar as it relates to the second, third and fifth decretal paragraphs, dismissed as academic, in light of the determination of the appeal from the order dated September 21, 1983, and order and judgment otherwise affirmed, insofar as appealed from, without costs or disbursements.

Upon our review of the record, we conclude that defendant failed to establish his entitlement to a downward modification for the year 1983 of the alimony provision of the parties' judgment of divorce.

We find, however, that the trial court improperly denied defendant's motion for leave to renew plaintiff's cross motion for a judgment for arrears for the period from January, 1982 through March 31, 1983. At the hearing on plaintiff's cross

motion, Special Term invited defendant to submit an affidavit from his father stating why he had been unable to be present to testify, and that he would have testified that certain payments he had made to plaintiff were on behalf of defendant to satisfy obligations under the judgment of divorce and separation agreement (and that, therefore, no arrears were owing to plaintiff). Defendant submitted the affidavit of his father on his motion for renewal and annexed thereto copies of numerous checks dated during the relevant period, which were payable to plaintiff and had written on them "rent on behalf of Michael"or "children [*sic*] support on behalf of Michael". Accordingly, under these circumstances, defendant's motion for leave to renew should have been granted and the parties given an opportunity to present additional evidence on the issue of arrears.

Further, the hearing should encompass the issue of the plaintiff's entitlement to counsel fees, if any, which issue cannot be determined on the instant record (Domestic Relations Law, § 237; *Palmer v Palmer,* 76 AD2d 905). Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.