■ MARY JOHNSTON, Respondent, v MORGAN R. JOHNSTON,

Appellant.—In a matrimonial action, defendant husband appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Ruskin, J.), dated July 30, 1984, which, (1) granted plaintiff wife's application to enter a money judgment against defendant for child support arrears totaling $2,530, (2) granted her application for counsel fees, and (3) denied his cross motion seeking, *inter alia,* reduction of child support.

Order and judgment modified, on the law, by vacating the award of counsel fees to plaintiff, and the provision which denied that branch of defendant's cross motion which requested a reduction in child support payments. As so modified, order and judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The parties to this action executed a separation agreement which was incorporated but not merged into their judgment of divorce. The agreement provided that defendant was obligated to pay $230 per month per child as child support until each child reached the age of 22 or otherwise became emancipated. Emancipation was defined as "occurring upon the lawful marriage or full time employment of each of the Children". Defendant, in December 1983, unilaterally reduced these payments by $230 per month in the belief that the parties' daughter Claire had obtained full-time employment and was hence emancipated. Plaintiff requested that a money judgment for child support arrears be entered against defendant and that she be awarded counsel fees. Defendant cross-moved for a reduction in child support and for counsel fees. Special Term granted plaintiff's request for arrears and counsel fees and denied defendant's cross motion in its entirety.

Special Term properly granted plaintiff's application to enter a money judgment against defendant for arrears. The court is mandated to direct the entry of judgment for arrears "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears" (Domestic Relations Law § 244). Defendant proffered no reason for his failure to make such an application. Moreover, since provisions in matrimonial decrees which provide for support of minor children until they become emancipated are generally not self-executing *(Matter of Launder v Plastique,* 84 Misc 2d 551), defendant's failure to petition for a downward modification of support upon the emancipation of the child precludes the court from making a nunc pro tunc order reducing the

support to the date of the emancipation and canceling the arrears (see, Gilda G. v Joseph G., 80 Misc 2d 772). This rule barring automatic unilateral reduction allows the court to intervene in order to reevaluate the needs of the unemancipated children and the financial condition of the parties (Urban v Urban, 90 AD2d 793).

Special Term erred, however, in denying defendant's request for a reduction of support without an evidentiary hearing. Since the moving papers raise a question of fact concerning whether Claire is emancipated (see, Gittleman v Gittleman, 81 AD2d 632), defendant's request should not have been denied without a hearing (see, Van Niel v Van Niel, 93 AD2d 986).

Special Term also acted improperly in awarding counsel fees to plaintiff without holding a hearing on the matter since defendant had challenged her right to such an award (see, Weinberg v Weinberg, 95 AD2d 828) and the record contained insufficient information to support the award (see, Singer v Singer, 106 AD2d 623).

Accordingly, the matter is remitted to the Supreme Court, Westchester County, for a hearing and determination on these issues. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.