■ In the Matter of LARRY J. ROSENTHAL, Appellant, v ROBIN A. BUCK, Respondent. [723 NYS2d 773] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The parties divorced in 1987 and the final divorce decree entered in Supreme Court directed petitioner to pay $275 per month as support for the parties' three children. In 1992, upon petition of the Commissioner of the Seneca County Department of Social Services on behalf of respondent, Family Court modified the child support provision of the divorce decree by directing petitioner to pay child support of $400 per month. In 1999 petitioner filed the subject petition in Family Court seeking a downward modification of child support on the ground that the oldest child is emancipated. Respondent cross-petitioned for an upward modification of child support on the ground that petitioner's income had increased substantially. The Hearing Examiner denied the petition and cross petition, and Family Court sustained respondent's objections to the Hearing Examiner's order, granting the cross petition seeking an upward modification of child support.

We reject the contention of petitioner that the court erred in failing to order a downward modification of his child support obligation. A party seeking a downward modification of an unallocated order of child support based on the emancipation of one of the children has the burden of proving that the amount of unallocated child support is excessive based on the needs of the remaining children (*see, Matter of Stromnes v Stromnes,* 201 AD2d 981, 982). Petitioner presented no evidence that his current child support obligation was excessive based on the needs of the remaining children and thus failed to meet that burden.

We agree with petitioner, however, that the court erred in granting the cross petition seeking an upward modification of child support. "When determining whether a change in circumstances warranting an upward modification has occurred, courts must consider several factors, including the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior life-

styles of the children" (*Shedd v Shedd*, 277 AD2d 917, 917-918; *see, Matter of Brescia v Fitts*, 56 NY2d 132, 140-141). Of those factors, respondent presented sufficient evidence only with respect to the increase in petitioner's income. That factor alone does not warrant an increase in child support (*see, Shedd v Shedd, supra; Matter of Rogers v Bittner*, 181 AD2d 990). We have considered petitioner's remaining contentions and conclude that they are without merit. We therefore modify the order by denying respondent's objections and reinstating the second ordering paragraph of the order of the Hearing Examiner. (Appeal from Order of Seneca County Family Court, Bender, J.—Matrimonial.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.