In the Matter of DONNA L. BAKER-KELLY, Respondent, v DUANE C. BAKER, Appellant. [804 NYS2d 213]—

Appeal from an order of the Family Court, Onondaga County (Robert J. Rossi, J.), entered September 16, 2004 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's objections to the order of the Support Magistrate.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent contends that Family Court erred in denying his objections to the order of the Support Magistrate, who ordered an upward modification of respondent's child support obligation. According to respondent, the Support Magistrate violated the principles of law of the case and res judicata by modifying the child support obligation because his child support obligation was first determined by judgment of divorce dated December 23, 1992, and subsequently was recalculated by order dated October 12, 1995, based on the provisions of a "stipulation for compromise and settlement" signed by the parties. Contrary to respondent's contention, the court retains jurisdiction to modify a prior order with respect to child support upon a showing that a substantial change in circumstances has occurred to warrant a modification (*see generally* Family Ct Act § 451; *Matter of Brescia v Fitts*, 56 NY2d 132, 140-141 [1982]; *Matter of Rosenthal v Buck*, 281 AD2d 909, 909-910 [2001]). We conclude that petitioner established the necessary substantial change in circumstances. Also contrary to the contention of respondent, the Support Magistrate properly considered his present income in determining whether petitioner was entitled to an upward modification of child support (*see generally Brescia*, 56 NY2d at 141; *Cynoske v Cynoske*, 8 AD3d 720, 722-723

[2004]). In addition, we reject the contention of respondent that the Support Magistrate erred in using the Child Support Standards Act to calculate the new support obligation (*see* Family Ct Act § 413; *see generally Michael N. G. v Elsa R.*, 199 AD2d 81 [1993]). We have examined respondent's remaining contentions and conclude that they are lacking in merit. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.