■ In the Matter of PAUL WRIGHTON, Appellant, v DELORES WRIGHTON, Respondent. [878 NYS2d 757]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Richardson, J.), dated September 11, 2007, which denied his objection to so much of an order of the same

court (Hickey, S.M.), dated June 26, 2007, as, after a hearing, upon the granting of his petition to terminate an order of support, dated January 26, 2004, did so without prejudice to the payment of arrears.

Ordered that the order is affirmed, without costs or disbursements.

On October 18, 2005, approximately 15 months after the older of the two subject children attained the age of 21, the father filed a petition for a downward modification of child support. The father's petition was dismissed after he failed to serve it on the mother. Thereafter, the father continued paying support for the older child. On May 23, 2007, the father filed a petition to terminate the order of support based on both children having attained the age of 21 and requested, among other things, that any overpayment be applied to arrears. The Support Magistrate granted his petition to terminate the order of support, but did so without prejudice to the payment of arrears. The Family Court denied the father's objection to that part of the Support Magistrate's order. The father appeals.

When child support has been ordered for more than one child, the emancipation of the oldest child does not automatically reduce the amount of support owed under an order of support for multiple children (*see Urban v Urban,* 90 AD2d 793, 794 [1982]). In addition, a credit should not be allowed for any alleged overpayments made on behalf of such emancipated child, absent or prior to a parent's legal action for a downward modification of support (*see generally Johnston v Johnston,* 115 AD2d 520, 522 [1985]; *Gilda G. v Joseph G.,* 80 Misc 2d 772, 775 [1975]). Here, the father's October 18, 2005, petition to modify the order of support, based on the older child attaining the age of 21, was dismissed after he failed to serve the mother with the petition. Thus, the father failed to meet his "burden of proving that the amount of unallocated child support [was] excessive based on the needs of the remaining child[ ]" (*Matter of Rosenthal v Buck,* 281 AD2d 909, 909 [2001]; *see Matter of Stromnes v Stromnes,* 201 AD2d 981, 982 [1994]). As such, the father was not entitled to a credit toward arrears for the alleged overpayments made on behalf of the oldest child after her emancipation (*see generally Johnston v Johnston,* 115 AD2d at 522; *Gilda G. v Joseph G.,* 80 Misc 2d at 775). Accordingly, the Family Court properly denied the father's objection to so much of the Support Magistrate's order as, upon the granting of his petition to terminate the order of support, did so without prejudice to the payment of arrears. Skelos, J.P., Fisher, Miller and Eng, JJ., concur.