In the Matter of JOHN R. WAKEFIELD, Respondent, v DEBRA M. WAKEFIELD, Appellant. [924 NYS2d 444]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from (1) so much of an order of the Family Court, Suffolk County (Hoffmann, J.), dated May 3, 2010, as denied her objection to an order of the same court (Fields, S.M.), dated February 8, 2010, made after a hearing, inter alia, granting the subject child's support petition, and determined that the subject child was not precluded from seeking an award of an attorney's fee, and (2) so much of an order of the same court (Hoffmann, J.), dated September 22, 2010, as denied her objections to stated portions of an order of the same court (Fields, S.M.), dated August 9, 2010, made after a hearing, which, inter alia, directed her to pay biweekly child support in the sum of $579.

Ordered that the order dated May 3, 2010, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 22, 2010, is modified, on the law and the facts, (1) by deleting the provision thereof denying the mother's objection to so much of the order dated August 9, 2010, as directed her to pay biweekly child support in the sum of $579, and substituting therefor provisions granting that objection and vacating the provision in the order dated August 9, 2010, directing the mother to pay biweekly child support in the sum of $579, and (2) by adding a provision thereto directing the mother to pay biweekly child support in the sum of $578.31; as so modified, the order dated September 22, 2010, is affirmed insofar as appealed from, without costs or disbursements.

In October 2006 the parties executed a stipulation of settlement, which was incorporated but not merged into their judgment of divorce. The parties agreed to joint legal custody of their two children, including the child who is the subject of this proceeding, John Richard Wakefield. The stipulation further provided that the mother would have physical custody of the children and that both parents would provide child support until the happening of an emancipating event, which included, inter alia, either of the children's "permanent residence away from the residence of the wife." The parties were divorced on January 29, 2007, and, sometime in October 2008, the subject child moved from his mother's home to the father's home.

In March 2009 the father filed a petition seeking to modify the support provisions of the stipulation of settlement so as to receive child support from the mother, upon the ground that the subject child was living with him. After a hearing, the Support Magistrate granted the petition, upon a finding that the subject child's residence with the father constituted a change in circumstances warranting an award of child support to the father.

In an order dated July 27, 2009, the Family Court granted the mother's objections to the extent of "deeming" the subject child to be emancipated pursuant to the parties' stipulation. The Family Court, therefore, dismissed the father's petition.

On September 24, 2009, the subject child filed his own petition seeking support from his mother. At a hearing on the petition, both the subject child and the father testified that the subject child was 18 years old, that he lived with the father, and that he attended Suffolk Community College full time. In an order dated February 8, 2010, the Support Magistrate granted the subject child's support petition, and directed the mother to pay the sum of $585 biweekly—$579 in child support and $6 in arrears—to the support collection unit for support of the subject child. In an order dated May 3, 2010, the Family Court denied the mother's objection to the order dated February 8, 2010, rejecting her contention that the subject child was emancipated and, thus, not entitled to child support. The Family Court concluded that its prior decision, wherein it deemed the subject child to be emancipated pursuant to the parties' stipulation, did not affect the subject child's right to receive adequate support. The Family Court, however, granted the mother's objection to the order dated February 8, 2010, on the ground that the Support Magistrate had not calculated the support obligations pursuant to the three-step process outlined in Family Court Act § 413.

In an order dated August 9, 2010, the Support Magistrate

calculated the parties' child support obligations and directed the mother to pay to the support collection unit, for the future support of the subject child, the sum of $579 biweekly, calculated by adding the sum of $357, representing the mother's pro rata share of combined income up to $130,000, to the sum of $222, representing the mother's pro rata share of combined income above $130,000.

In an order dated September 22, 2010, the Family Court denied the mother's objection to the order dated August 9, 2010, again rejecting her contention that the subject child was not entitled to support because he had been previously deemed emancipated. The Family Court further rejected the mother's contentions that the award was not based upon adequate evidence, and that a child who commences a support proceeding on his or her own behalf may not be awarded an attorney's fee.

Contrary to the mother's contention, the Family Court's determination that the subject child was emancipated pursuant to the terms of the parties' stipulation did not preclude the subject child from filing his own support petition. "A husband and wife, in entering into a separation agreement, may include in that agreement provisions pertaining to the support of the children of their marriage. The terms, like any other contract clauses, are binding on the parties to the agreement. The child, on the other hand, is not bound by the terms of the agreement . . . and an action may be commenced against [a parent] for child support despite the existence of the agreement" (*Matter of Boden v Boden*, 42 NY2d 210, 212 [1977]). Here, since the subject child moved from his mother's residence to the father's residence with his parents' consent, the subject child was entitled to adequate support from his mother (*see Matter of Alice C. v Bernard G.C.*, 193 AD2d 97, 109 [1993]; *Matter of Drago v Drago*, 138 AD2d 704 [1988]).

The Support Magistrate, however, erred in computing the father's gross income in determining the amount of child support to be awarded. The Support Magistrate failed to include the sums of $3,795 in interest income and $1,028 in dividend income in the calculation of the father's gross income (*see* Family Ct Act § 413 [1] [b] [5]). If those sums are factored into the child support calculation, the mother is obligated to pay the sum of $578.31 in biweekly child support.

The Family Court properly rejected the mother's contention that the Support Magistrate improperly calculated the parties' support obligation by considering so much of their income as exceeded $130,000. The Support Magistrate properly exercised her discretion in calculating the parties' child support obliga-

tion based upon the amount of combined parental income exceeding $130,000, a sum which represents the present statutory combined parental income ceiling (*see Matter of Freeman v Freeman*, 71 AD3d 1143 [2010]; *Matter of Byrne v Byrne*, 46 AD3d 812, 814 [2007]).

Furthermore, the Family Court properly rejected the mother's contention that the child was not entitled to an award of an attorney's fee (*see* Family Ct Act § 422 [a]; § 438 [a]).

The mother's remaining contentions are without merit. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.