■ JOSEPH LAMASSA, Appellant, v ELIZABETH LAMASSA, Respondent. [965 NYS2d 195]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (de Grimston, Ct. Atty. Ref.), dated February 2, 2012, as, after a hearing, denied his motion, in effect, to modify a stipulation of settlement by reducing the amount of child support and cancelling child support arrears, granted that branch of the defendant's cross motion which was to modify a qualified domestic relations order by adding a provision thereto equitably distributing the marital portion of a variable supplement fund, and granted the defendant's separate cross motion for an award of an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was to modify the qualified domestic relations order by adding a provision thereto equitably distributing the marital portion of the variable supplement fund, and substituting therefor a provision denying that branch of the defendant's cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties entered into a stipulation of settlement, which was read into a court record, whereby the defendant specifically waived any interest in a variable supplement fund (hereinafter

VSF). During those proceedings, the defendant's counsel stated that, under the law in effect at the time, VSF benefits were not marital property subject to equitable distribution. The defendant was asked and confirmed that she understood the effect of the stipulation and voluntarily agreed to waive any interest in the VSF.

Subsequently, in February 2010, the plaintiff moved, inter alia, to direct the sale of the marital home. This motion was later withdrawn. The defendant cross-moved, inter alia, to modify the parties' qualified domestic relations order by adding a provision thereto equitably distributing the marital portion of the VSF on the basis that the law concerning equitable distribution of VSFs had changed. The defendant also claimed that the plaintiff unilaterally, and without a court order, modified the child support payments when the parties' eldest child reached 18 years of age and then reduced the amount of the support payments each time one of the parties' remaining three children reached the age of 21 years. The plaintiff then moved, in effect, to modify the stipulation of settlement by reducing the amount of child support payments and cancelling child support arrears on the basis that all of the children were emancipated and the parties had agreed to modify the support obligation when the children became emancipated. The defendant filed a separate cross motion for an award of an attorney's fee.

A hearing was conducted in which the plaintiff testified that, when each of the children reached 21 years of age, he reduced the amount of support payments and gave checks to the defendant, who accepted the checks and did not object orally or in writing. The defendant testified and denied that she agreed to a reduction of the support payments, claimed that she did not receive any checks directly from the plaintiff, and stated that, upon receiving the reduced support checks from the children, she asked the children to tell the plaintiff that the amount was wrong. The defendant also testified about her attempt to enforce the child support obligation. In addition, three of the parties' children also testified and stated that the support checks were given to them to pass on to the defendant and that they never saw the plaintiff give checks directly to the defendant. The children also testified that they had, for the majority of their lives, lived with the defendant. Two of the children testified that they were still living with the defendant at the time of the hearing.

The Referee appointed by the Supreme Court concluded that the defendant was entitled to an equitable distribution of the VSF, as her waiver of interest in the VSF was made under a misapprehension of the law and, thus, was not voluntary. The

Referee also determined that the plaintiff was not entitled to a reduction in the amount of the support payments or to cancellation of support arrears, as the plaintiff unilaterally reduced the support payments without court order and the plaintiff did not provide credible proof of an oral agreement to modify the support obligation. In addition, finding that the plaintiff's actions in reducing the support payments were willful, the Referee awarded an attorney's fee to the defendant.

The Referee was correct in noting that, at the time of the parties' stipulation of settlement, the law on the issue of whether VSF benefits were subject to equitable distribution was unclear. The law was later clarified when the Court of Appeals held that VSF benefits were marital property subject to equitable distribution (*see DeLuca v DeLuca*, 97 NY2d 139 [2001]). However, the fact that the plaintiff did not have definitive guidance on the issue of whether VSF benefits were subject to equitable distribution is not a sufficient basis upon which she may avoid the effects of her otherwise knowing and voluntary waiver. Thus, it was error to permit the defendant to avoid the consequences of her waiver of any interest in the VSF.

As to the application to reduce the amount of child support payments and cancel child support arrears, the plaintiff provided no evidence, other than his own testimony, that he and the plaintiff had agreed to reduce the amount of the support payments. The plaintiff failed to seek appropriate relief by application to the court for a modification of child support payments, and instead reduced the amount of support payments unilaterally. "When child support has been ordered for more than one child, the emancipation of the oldest child does not automatically reduce the amount of support owed under an order of support for multiple children" (*Matter of Wrighton v Wrighton*, 61 AD3d 988, 989 [2009]). In addition, a party seeking a downward modification of an unallocated order of child support based on the emancipation of one of the children has the burden of proving that the amount of unallocated child support is excessive based on the needs of the remaining children (*see Matter of Rosenthal v Buck*, 281 AD2d 909, 909 [2001]; *see also Matter of Wrighton v Wrighton*, 61 AD3d at 989). Here, the plaintiff did not provide evidence showing that the emancipation of the parties' children made the support obligation excessive. Thus, the plaintiff was not entitled to a reduction of the amount of child support payments or a cancellation of child support arrears (*see Matter of Rosenthal v Buck*, 281 AD2d at 909; *Matter of Gleason v Gleason*, 247 AD2d 384, 386 [1998]; *see also Matter of Wrighton v Wrighton*, 61 AD3d at 989).

In light of the fact that the plaintiff's unilateral modification of child support was willful, the defendant was entitled, pursuant to Domestic Relations Law § 237 (c), to an award of an attorney's fee (*see Goldfarb v Goldfarb*, 175 AD2d 275 [1991]). Skelos, J.P., Hall, Lott and Hinds-Radix, JJ., concur.