■ STEVEN GOODMAN, Respondent, v PHYLLIS PETTIT, Formerly Known as PHYLLIS GOODMAN, Appellant. [20 NYS3d 112]—

Appeal from an order of the Supreme Court, Nassau County (Margaret C. Reilly, J.), dated July 29, 2014. The order, insofar as appealed from, continued a prior order of that court dated December 12, 2012, granting temporary residential custody of the child Simone Goodman to the father, granted that branch of the father's motion which was for a downward modification of his child support obligation, and denied those branches of the mother's cross motion which were for an upward modification of the father's child support obligation, for contribution toward the subject children's college expenses, and for the payment of child support arrears.

Ordered that the appeal from so much of the order dated July 29, 2014, as continued the order dated December 12, 2012, is dismissed as academic; and it is further,

Ordered that the order dated July 29, 2014, is modified, on the law, (1) by deleting the provision thereof granting that branch of the father's motion which was for a downward modification of his child support obligation, and substituting therefor a provision denying that branch of the father's motion, and (2) by deleting the provision thereof denying that branch of the mother's cross motion which was for the payment of child support arrears, and substituting therefor a provision granting that branch of the mother's cross motion; as so modified, the order is affirmed insofar as reviewed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings to determine the amount of child support arrears owed to the mother; and it is further,

Ordered that the mother is awarded one bill of costs.

As the child Simone Goodman has attained the age of 18, she is no longer subject to the order dated December 12, 2013, granting temporary residential custody of her to the father. Hence, the appeal from so much of the order dated July 29, 2014, as continued that order must be dismissed as academic (see Matter of Hershko v Hershko, 103 AD3d 635 [2013]).

The parties' stipulation of settlement provides that the father will pay $2,900 per month in child support for the parties' three daughters, to continue "until *the children* are emancipated" (emphasis added). The stipulation further provides that a child is considered "emancipated" if she "permanently resides away from the mother." Even assuming that the temporary change of custody with respect to Simone from the mother to

the father constituted an act of emancipation (*see Matter of Wakefield v Wakefield*, 84 AD3d 1256, 1257 [2011]), this did not automatically reduce the unallocated amount of support owed under the stipulation, considering the express terms of the stipulation itself and the fact that the parties' two other children remained unemancipated (*see Lamassa v Lamassa*, 106 AD3d 957, 959 [2013]; *Matter of Wrighton v Wrighton*, 61 AD3d 988, 989 [2009]). Rather, "a party seeking a downward modification of an unallocated order of child support based on the emancipation of one of the children has the burden of proving that the amount of unallocated child support is excessive based on the needs of the remaining children" (*Lamassa v Lamassa*, 106 AD3d at 959). Here, the father failed to make the requisite showing. Therefore, the Supreme Court should have denied that branch of the father's motion which was for a downward modification of his child support obligation.

For the same reasons, that branch of the mother's cross motion which was for the payment of child support arrears should have been granted. Therefore, we remit the matter to the Supreme Court, Nassau County, to determine the amount of child support arrears owed to the mother under the stipulation of settlement.

The mother's remaining contentions are without merit. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.