■ STEVEN G. SCHULMAN, Appellant, v APRYL N. MILLER, Respondent. [22 NYS3d 44]—

Orders, Supreme Court, New York County (Lori S. Sattler, J.), entered October 22, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff's motions for a declaration that the parties' older child was emancipated upon ceasing to be a full-time student at age 21, or, alternatively, that she would be emancipated on her 22nd birthday in December 2014, and a recomputation of his support obligations accordingly, and to compel financial disclosure by defendant, and granted defendant's motion to direct plaintiff to resume payment of all basic child support and add-on expenses pursuant to the parties' stipulation of settlement, and reserved decision on defendant's application for counsel fees pending her submission of an affidavit in support thereof, affirmed, without costs.

The parties' stipulation of settlement requires plaintiff to pay unallocated child support for the parties' two children in a monthly sum, plus cost of living adjustments, as well as all other expenses of each child, including education and college, provided that the child complete college within six years after graduating from high school. It does not provide for the reduction or recalculation of plaintiff's child support obligation upon the emancipation of the older child.

Notably, there are provisions in the stipulation that do provide for a termination or reduction of plaintiff's financial obligations upon the happening of specified events, including, for example, plaintiff's obligation to pay maintenance to defendant mother, his obligation to maintain medical insurance for each child, payments for car service, and the like. The provision concerning medical insurance explicitly states that plaintiff "shall have the right to terminate such coverage for either Child at the time she becomes emancipated." The parties' stipulation of settlement is an exhaustive, 62-page document. Both parties were represented by counsel during its negotiation (indeed, plaintiff himself is an experienced attorney). The inescapable conclusion is that the parties did not intend to include a similar provision concerning the termination or reduction of child support upon the emancipation of the older child.

There is no evidence, other than plaintiff's testimony, that the parties had agreed to a reduction in child support on account of any purported emancipation of the older child. Indeed, their agreement, freely entered into, does not allocate plaintiff's child support obligation as between the children or provide a formula for a reduction in the event of one child's emancipation (*compare Gallina v Gallina*, 162 AD2d 219, 220 [1st Dept 1990] [stipulation expressly provided for reduction of support upon a child's emancipation]). "When child support has been ordered for more than one child, the emancipation of the oldest child does not automatically reduce the amount of support owed under an order of support for multiple children" (*Lamassa v Lamassa*, 106 AD3d 957, 959 [2d Dept 2013] [internal quotation marks omitted]). Plaintiff's arguments concerning the interplay of the stipulation of settlement and the judgment of divorce (into which the stipulation was incorporated by reference but not merged) are unavailing given that the stipulation specifically provides that neither party will request that "any provision inconsistent with any of the provisions of this Stipulation" be inserted into the judgment.

Plaintiff is free to make a motion for a downward modification of the unallocated support obligation upon a proper showing. We ought not, however, rewrite the agreement in order that he might achieve this end.

The stipulation sets forth events of emancipation for either child, which include, as pertinent here, reaching the age of 21 or the age of 22, if the child is enrolled full-time in an accredited college. Contrary to plaintiff's contention, the older child was not emancipated at 21, when she temporarily reduced her class load and applied for transfer to another accredited college; she will be emancipated when she turns 22.

The court correctly directed plaintiff to pay the older child's summer school tuition in accordance with the terms of the stipulation.

For purposes of attorneys' fees, defendant is the prevailing party to the extent plaintiff's unilateral and willful reduction of his support payments by half necessitated her motion to compel him to resume payments pursuant to the stipulation (*see Lamassa*, 106 AD3d at 960; Domestic Relations Law § 237 [c]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, Renwick and Manzanet-Daniels, JJ.

Gonzalez, P.J. and Tom, J., dissent in part in a memorandum by Tom, J., as follows: In this matrimonial action, the parties

entered into a stipulation of settlement, which provided, inter alia, for distributing the parties' assets and for support of the parties' two children. The stipulation obligated plaintiff to pay for all educational expenses through college graduation and health insurance for each child until the child became emancipated. Article 9.1 of the stipulation defines six events that would result in the "emancipation" of a child, including: "A. Attaining the age of twenty-one (21) years or the age of twenty-two (22) in the event she is then enrolled for full-time attendance in a course of study matriculating toward a degree as an undergraduate student at an accredited college or university, within six (6) years immediately following the Child's graduation from high school."

The judgment of divorce, entered August 13, 2002, incorporated the stipulation by reference and provided that the Stipulation would survive and not merge in the judgment.

On or about March 11, 2013, plaintiff moved for an order declaring that the older child, Dylan, was emancipated as of age 21 because she was no longer a full-time matriculated student and recomputing his child support obligations or, in the alternative, declaring that Dylan will be emancipated within the meaning of the stipulation when she reaches her 22nd birthday, on December 12, 2014, and recomputing his child support obligation as of January 1, 2015.

The motion court denied plaintiff's motion seeking a declaration of Dylan's emancipation at age 21 and a declaration that his basic support obligation is subject to reduction upon Dylan reaching age 22 since the stipulation did not provide for such recalculation. The court found that there was no suggestion that the parties had agreed to reduce the amount, and "it does not happen automatically."

I agree with the majority that the parties' older child was not emancipated at 21 when she temporarily reduced her class load and applied for transfer to another college, and that she will be emancipated pursuant to the stipulation when she turns 22. I also agree that defendant is the prevailing party for purposes of counsel fees because plaintiff unilaterally and willfully reduced his child support payments by half, necessitating her motion to compel him to resume payments pursuant to the stipulation. However, I dissent from the majority's holding that the parties did not agree to a reduction in child support upon the occurrence of an emancipation event, and that plaintiff cannot seek recalculation of his support obligation upon such event.

The majority's holding would foreclose plaintiff from seeking

recomputation of child support upon emancipation of the child, a result that is both inequitable and inconsistent with the parties' intent. Furthermore, the majority's statement that "[p]laintiff is free to make a motion for a downward modification of the unallocated support obligation upon a proper showing" contradicts its central holding that the parties did not agree to a support reduction upon the emancipation of the older child, and its affirmance of the motion court's denial of plaintiff's motion to declare the older child emancipated on her 22nd birthday and for a recomputation of support at that time. The majority adheres to the reasoning of the motion court that there is no evidence that the parties agreed to a reduction in child support upon the emancipation of a child because the stipulation does not explicitly provide a formula for the reduction or recalculation of plaintiff's child support obligation upon the emancipation of one child, and because it does not allocate the child support obligation between the children.

A stipulation of settlement that is incorporated but not merged into a judgment of divorce "is a contract subject to the principles of contract construction and interpretation" (*Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *see Kosnac v Kosnac*, 60 AD3d 636 [2d Dept 2009]). "In construing a contract, one of a court's goals is to avoid an interpretation that would leave contractual clauses meaningless" (*Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.*, 63 NY2d 396, 403 [1984]). "Stated otherwise, [c]ourts are obliged to interpret a contract so as to give meaning to all of its terms" (*150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 6 [1st Dept 2004] [internal quotation marks omitted]). It is also a fundamental precept of contract interpretation that "agreements are construed in accord with the parties' intent" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). The parties' intention can be gleaned from the entire agreement so as to give full meaning and effect to its provisions and should not render any portion meaningless (*see Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]).

The stipulation of settlement dedicates an entire article to defining an emancipation event, and, although there is no formula provided for recalculation of child support, paragraph 8.2 explicitly grants plaintiff the right to terminate health insurance coverage for each child at the time she becomes emancipated. While it may have been helpful to provide in the stipulation a formula for reducing the unallocated basic child support obligation upon the emancipation of the older child, contrary to the majority's view, the fact that the parties did not

do so is not indicative of an intent not to have such a reduction. Indeed, it is likely that the cessation of basic child support upon emancipation was such an obvious intention that the parties and their attorneys did not feel it necessary to provide an exact formula for recomputation. Thus, the majority's focus on the explicit termination of maintenance to defendant on a date certain, and the termination of medical coverage upon emancipation, is unpersuasive. Nor is it relevant or supportive of the majority's view that the agreement is a "62-page document" or that the parties were represented by counsel and that plaintiff is himself "an experienced attorney." Construing the parties' agreement so as to effectuate their intent, and so as not to render any clauses meaningless, it is reasonable to infer that the parties intended a reduction of the basic child support obligation upon the emancipation of the older child.

This intent is also found in the judgment of divorce, which explicitly provides for payment of the basic child support obligation "until the occurrence of an emancipation event." Neither party objected to this language in the judgment. Nor is this language inconsistent with any express provisions of the stipulation, and thus, contrary to the majority's reading, the clause in the stipulation prohibiting the parties from adding any provisions inconsistent with it to the judgment is not invoked.

Of course, "absent unusual circumstances," and none exist here, "the provisions of the judgment are final and binding on the parties" (*Rainbow v Swisher*, 72 NY2d at 110). Further, this Court should read the agreement and the judgment of divorce "in tandem" to conclude "that the emancipation language is designed to permit the father to discontinue child support for a child upon emancipation of the child" (*Luken v Luken*, 48 Misc 3d 559, 564 [Sup Ct, Monroe County 2015]).

Moreover, it is fundamental public policy in New York that parents of minor children are responsible for their children's support only until age 21 (*see* Family Ct Act § 413 [1] [a]; *Matter of Roe v Doe*, 29 NY2d 188, 192-193 [1971]) unless, by express agreement, they obligate themselves to support a child over the age of 21 (*see Hoffman v Hoffman*, 122 AD2d 583 [4th Dept 1986], *lv dismissed* 69 NY2d 706 [1986]). Plaintiff obligated himself to support his children beyond the statutory requirement, but only until each of his children reach the age of 22 or are otherwise emancipated, at which point his support obligation is suspended (*see Matter of Natoli v Mueller*, 71 AD3d 899 [2d Dept 2010], *lv denied* 15 NY3d 701 [2010]). To deny plaintiff the right to recompute his child support obliga-

tions upon the emancipation of the older child would, in effect, force plaintiff to continue payment of the child's educational and health expenses well after she reaches the age of 22, a result inconsistent with the terms of the stipulation and the judgment of divorce.

*Lamassa v Lamassa* (106 AD3d 957 [2d Dept 2013]), upon which the majority relies, does not permanently bar plaintiff from seeking relief. *Lamassa* only stands for the proposition that a parent cannot unilaterally reduce the amount of support payments and must seek appropriate relief by application to the court because "[w]hen child support has been ordered for more than one child, the emancipation of the oldest child does not automatically reduce the amount of support owed under an order of support for multiple children" (106 AD3d at 959, quoting *Matter of Wrighton v Wrighton*, 61 AD3d 988, 989 [2d Dept 2009]). Nor does *Lamassa* result in plaintiff having no recourse because the stipulation does not contain an explicit affirmative provision delineating how child support is to be reduced at the occurrence of an emancipation event. Despite the majority's suggestion, we do not need to rewrite the agreement in order for plaintiff to make a proper motion for reduction of support. Thus, plaintiff may seek recalculation, or downward modification, upon a showing that the child support award is excessive for the minor child's needs.

Because the parties' intention to reduce the child support payments upon emancipation of the older child is clear from a review of their entire agreement, and because the judgment expressly provides for the same, upon the older child's emancipation, plaintiff is entitled to apply for a reduction of child support. In support of such application, plaintiff "has the burden of proving that the amount of unallocated child support is excessive based on the needs of the remaining children" (*Lamassa*, 106 AD3d at 959).