Beckmann v Beckmann (2018 NY Slip Op 02592)





Beckmann v Beckmann


2018 NY Slip Op 02592


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-10345
 (Index No. 34548/11)

[*1]Diane Leonardo Beckmann, appellant, 
v
Christopher Paul Beckmann, respondent.


Diane Leonardo Beckmann, East Setauket, NY, appellant pro se.
Karyn A. Villar, PLLC, Hauppauge, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John J. Leo, J.), dated August 18, 2015. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for child support arrears only to the extent of directing the defendant to pay child support arrears that had accrued since the date of a temporary order of support of the Family Court, Suffolk County, denied that branch of the plaintiff's motion which was for an award of an attorney's fee, and, in effect, granted that branch of the defendant's cross motion which was, in effect, for a downward modification of his child support obligation.
ORDERED that the order is modified, on the law, by deleting the provision thereof directing the defendant to pay child support arrears that had accrued since the date of the temporary order of support; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the amount of child support arrears owed to the plaintiff.
The parties were divorced by a judgment entered April 20, 2012, which incorporated, but did not merge with, a stipulation of settlement dated November 14, 2011. Pursuant to the stipulation, the parties agreed that the defendant would pay $700 twice a month in basic child support for their two children. In April 2013, the parties' daughter became emancipated under the terms of the stipulation, and shortly thereafter, the defendant reduced his child support payments from $700 to $476. The plaintiff commenced a proceeding in the Family Court seeking to enforce [*2]the defendant's child support obligation. On September 23, 2013, the Family Court issued a temporary order of support directing the defendant to pay $405 twice a month in basic child support for the parties' unemancipated son. Thereafter, the plaintiff withdrew her Family Court petition and moved in the Supreme Court, inter alia, for an upward modification of the defendant's basic child support obligation for their son to $717.84 twice a month, for child support arrears that had accrued since the date their daughter became emancipated, and for an award of an attorney's fee. The defendant cross-moved, among other things, in effect, for a downward modification of his child support obligation. In the order appealed from, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for child support arrears to the extent of directing the defendant to pay child support arrears that had accrued since September 23, 2013, the date of the Family Court's temporary order of support, denied that branch of the plaintiff's motion which was for an award of an attorney's fee, and, in effect, granted that branch of the defendant's cross motion which was, in effect, for a downward modification of his child support obligation. The plaintiff appeals.
Given the express terms of the parties' stipulation and the fact that their son remained unemancipated, their daughter's emancipation in April 2013 did not automatically reduce the unallocated amount of child support owed by the defendant (see Matter of Wrighton v Wrighton, 61 AD3d 988, 989), and he was required "to seek appropriate relief by application to the court for a modification of child support payments" (Lamassa v Lamassa, 106 AD3d 957, 959). Contrary to the plaintiff's contentions, the defendant, in effect, requested such relief in his cross motion made in the Supreme Court, and that relief was properly granted (see generally Matter of Rosenthal v Buck, 281 AD2d 909, 909; Matter of Stromnes v Stromnes, 201 AD2d 981, 982).
However, the Supreme Court erred with regard to its determination of child support arrears. "A court ha[s] no discretion to reduce or cancel arrears of child support which accrue before an application for downward modification of the child support obligation'" (Matter of Gardner v Maddine, 112 AD3d 926, 927, quoting Grossman v Composto-Longhi, 96 AD3d 1000, 1002; see Dembitzer v Rindenow, 35 AD3d 791, 793). Here, the defendant reduced his child support payments in or about May 2013 and did not seek a downward modification until April 2014, when he filed his cross motion in the Supreme Court. The Supreme Court only directed the defendant to pay arrears accruing from September 23, 2013, the date of the Family Court temporary order of support. Although the Family Court order temporarily set the defendant's child support obligation at $405 twice a month for the parties' son, the Family Court order did not erase the child support arrears already accrued by the defendant (see Family Ct Act § 451; Matter of Moore v Abban, 72 AD3d 970, 972-973). Consequently, the defendant was obligated to pay arrears that accrued from the date he reduced his child support payments in May 2013 to the date he cross-moved, in effect, for a downward modification, and we remit the matter to the Supreme Court, Suffolk County, for a new determination of the amount of child support arrears owed to the plaintiff.
Under the circumstances presented, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for an award of an attorney's fee (see Domestic Relations Law §§ 237[c]; 238).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court