Mahadeo v Mahadeo (2021 NY Slip Op 02286)





Mahadeo v Mahadeo


2021 NY Slip Op 02286


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-07816
2019-11659
 (Index No. 1069/15)

[*1]Priya Rachel Mahadeo, respondent,
v
Robby Mahadeo, appellant.


Thomas Torto, New York, NY, for appellant.
Rayaaz N. Khan, Jamaica, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Queens County (Margaret P. McGowan, J.), dated May 13, 2019, and (2) an order of the same court dated August 19, 2019. The order dated May 13, 2019, granted the motion of the attorney for the children to vacate so much of an order of the same court dated August 4, 2018, as, after a hearing, denied that branch of the plaintiff's motion which was to set aside the parties' prenuptial agreement, and directed a new hearing on that branch of the plaintiff's motion. The order dated August 19, 2019, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated May 13, 2019.
ORDERED that the order dated May 13, 2019, is reversed, on the law, without costs or disbursements, and the motion of the attorney for the children to vacate so much of the order dated August 4, 2018, as, after a hearing, denied that branch of the plaintiff's motion which was to set aside the parties' prenuptial agreement is denied; and it is further,
ORDERED that the appeal from the order dated August 19, 2019, is dismissed as academic, without costs or disbursements, in light of our determination of the appeal from the order dated May 13, 2019.
The parties were married on July 23, 2003, and have three children. The day before their marriage, they entered into a prenuptial agreement which provided, inter alia, that, in the event of termination of the marriage, each party waived the right to maintenance, equitable distribution, and attorney's fees. In an order dated August 4, 2018, after a hearing, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was to set aside the prenuptial agreement.
Thereafter, the attorney for the children (hereinafter the AFC) moved to vacate so much of the order dated August 4, 2018, as denied that branch of the plaintiff's motion which was to set aside the prenuptial agreement. The AFC contended that case law issued subsequent to the hearing on the validity of the prenuptial agreement held that he should have been permitted to participate in the hearing to represent the interests of the children. In an order dated May 13, 2019, the Supreme Court granted the AFC's motion, and directed a new hearing on that branch of the plaintiff's motion which was to set aside the prenuptial agreement.
Subsequently, the defendant moved, among other things, for leave to reargue his opposition to the AFC's motion. In an order dated August 19, 2019, the Supreme Court, in effect, [*2]granted the defendant's motion for leave to reargue, but, upon reargument, adhered to its original determination granting the AFC's motion. The defendant appeals.
Contrary to the AFC's contention relying on Matter of Barbara T. v Acquinetta M. (164 AD3d 1), which pertained to the impact of an adoption subsidy upon an award of child support, the children here did not have standing to move to vacate so much of the order dated August 4, 2018, as denied that branch of the plaintiff's motion which was to set aside the prenuptial agreement. Although children have certain rights with respect to issues of child support, custody, and visitation in matrimonial actions (see Weiss v Weiss, 52 NY2d 170, 175; Matter of Newton v McFarlane, 174 AD3d 67, 75), children do not have a right to participate in the litigation of financial matters of their parents' divorce relating to maintenance and/or equitable distribution.
Moreover, while "children's attorneys are expected to participate fully in proceedings in which they are appointed" (Matter of Barbara T. v Acquinetta M., 164 AD3d at 8), such participation is limited to matters in which the children are the "subject of the proceeding" (Family Court Act § 249; see Judiciary Law § 35[7]). Given that children are not bound by agreements entered into by their parents (see Matter of Wakefield v Wakefield, 84 AD3d 1256, 1258), they are not the "subject" of proceedings to determine the validity of their parents' prenuptial agreement related to maintenance and equitable distribution (Family Court Act § 249).
Accordingly, the Supreme Court should have denied the AFC's motion to vacate so much of the order dated August 4, 2018, as, after a hearing, denied that branch of the plaintiff's motion which was to set aside the prenuptial agreement.
In light of our determination, we need not reach the defendant's remaining contention.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court