Matter of Martinez v Carpanzano (2023 NY Slip Op 00088)

Matter of Martinez v Carpanzano

2023 NY Slip Op 00088

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2021-01234
 (Docket No. F-19919-19/19A)

[*1]In the Matter of John Martinez, appellant,
v
Deborah Carpanzano, respondent.

Donald S. Mazin, Larchmont, NY, for appellant.
Deborah Carpanzano, New Rochelle, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated December 8, 2020. The order denied the father's objections to an order of the same court (Carol Ann Jordan, S.M.), dated September 15, 2020, which, after a hearing, dismissed the father's petition for a downward modification of his child support obligation.
ORDERED that the order dated December 8, 2020, is affirmed, with costs.
The parties have two children together, and were divorced in 2018. Pursuant to the judgment of divorce, the father was to pay child support in the sum of $1,000 per month. By petition dated October 1, 2019, the father sought a downward modification of his child support obligation on the basis that there had been a substantial change in circumstances, namely, that the parties' older child had reached the age of twenty-one and was now emancipated. After a hearing, a Support Magistrate dismissed the petition. The father filed objections to the Support Magistrate's order. In an order dated December 8, 2020, the Family Court denied the father's objections. The father appeals.
"Except as otherwise provided by law . . . a parent shall be responsible only for the support of his child or children who have not attained the age of twenty-one years" (Family Ct Act § 415; see Family Ct Act § 413; Domestic Relations Law § 240[1-b][b][2]; Social Services Law § 101[1]). While the eldest child's reaching the age of twenty-one constituted emancipation, this did not automatically reduce the unallocated amount of monthly child support owed by the father, considering the express terms of the parties' judgment of divorce and the fact that the parties' other child remained unemancipated (see Lamassa v Lamassa, 106 AD3d 957, 959; Matter of Wrighton v Wrighton, 61 AD3d 988, 989; Urban v Urban, 90 AD2d 793, 794). Rather, "a party seeking a downward modification of an unallocated order of child support based on the emancipation of one of the children has the burden of proving that the amount of unallocated child support is excessive based on the needs of the remaining children" (Lamassa v Lamassa, 106 AD3d at 959). Here, the father failed to make the requisite showing. Therefore, the Family Court properly dismissed the father's petition which was for a downward modification of his child support obligation on this ground (see Goodman v Pettit, 133 AD3d 630, 630-631).
The father's remaining contentions are without merit.
Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's order.
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court