Matter of Starr v Starr (2025 NY Slip Op 03198)

Matter of Starr v Starr

2025 NY Slip Op 03198

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-10228
 (Docket Nos. F-5021-17/23I, F-5021-17/23J, F-5021-17/24K)

[*1]In the Matter of Clarence A. Starr III, appellant,
v
Erin Starr, respondent.

Clarence A. Starr, named herein as Clarence A. Starr III, Walden, NY, appellant pro se.
Erin L. Starr, named herein as Erin Starr, Montgomery, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated September 4, 2024. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (Barbara O. Afriyie, S.M.) dated August 5, 2024, as, after a hearing, directed the father to pay the sum of $432.22 per week in basic child support for the unemancipated child.
ORDERED that the order dated September 4, 2024, is affirmed insofar as appealed from, with costs.
The parties were married and are the parents of two children, born in August 2002 and September 2004. The parties' stipulation and property settlement agreement (hereinafter settlement agreement) was incorporated but not merged into the parties' judgment of divorce dated August 21, 2017. Pursuant to the settlement agreement and the judgment of divorce, the father was required to pay, inter alia, $432.22 per week in basic child support for the two children and a child would be deemed emancipated by, among other things, reaching the age of 21, if the child was not then attending college.
In 2023, the father filed a petition to modify his child support obligation based on the older child reaching the age of 21 and not attending college. After a hearing, the Support Magistrate determined that although the older child was emancipated, the father failed to demonstrate that a substantial change in circumstances warranted a downward modification of his child support obligation. In an order dated August 5, 2024, the Support Magistrate, inter alia, directed the father to pay the sum of $432.22 per week in basic child support for the unemancipated child. The father filed objections, among other things, to that portion of the Support Magistrate's order. In an order dated September 4, 2024, the Family Court, inter alia, denied those objections. The father appeals.
While the father established that the older child was emancipated pursuant to the settlement agreement, this did not automatically reduce the unallocated amount of child support owed by the father, considering the express terms of the settlement agreement and the fact that the parties' other child remained unemancipated (see Matter of Martinez v Carpanzano, 212 AD3d 621, [*2]622; Goodman v Pettit, 133 AD3d 630, 630-631). Ordinarily, "a party seeking a downward modification of an unallocated order of child support based on the emancipation of one of the children has the burden of proving that the amount of unallocated child support is excessive based on the needs of the remaining children" (Matter of Martinez v Carpanzano, 212 AD3d at 622 [internal quotation marks omitted]; see Goodman v Pettit, 133 AD3d at 631).
Here, the father failed to demonstrate that his child support obligation should be reduced based on the terms of the settlement agreement or that the amount of unallocated child support was excessive based on the needs of the parties' unemancipated child (see Matter of Martinez v Carpanzano, 212 AD3d at 622; Goodman v Pettit, 133 AD3d at 631). As an alternative ground for relief, the father failed to demonstrate that a downward modification of his child support obligation was otherwise warranted pursuant to Family Court Act § 451(3)(a) based on a substantial change in circumstances (see Matter of Perlman v Kolodny, 236 AD3d 1038, 1043; Matter of Gerety v Gerety, 203 AD3d 827, 829).
Accordingly, the Family Court properly denied the father's objections to so much of the Support Magistrate's order as directed the father to pay the sum of $432.22 per week in basic child support for the unemancipated child.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court